CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 17 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRAVIS MCCRAE, | ) | Civil Action No. 7:08-cv-00576 |
| Petitioner, | ) | |
| | ) | **2241 MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. James C. Turk |
| TERRY O'BRIEN, WARDEN,[1] | ) | |
| Respondent. | ) | Senior United States District Judge |

Petitioner Travis McCrae ("McCrae"), a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. McCrae challenges five disciplinary actions taken by the Federal Bureau of Prisons ("BOP") against him in 2007 while he was housed at United States Penitentiary Lee ("USP Lee"). McCrae claims that the BOP unlawfully sanctioned him for Engaging in a Sexual Act (on two separate occasions), Indecent Exposure, Destruction of Property, and Refusing to Obey an Order, and he seeks to have all five incident reports expunged. Respondent Terry O'Brien ("O'Brien"), Warden at USP Lee, denies McCrae's allegations by way of a Motion for Summary Judgment (Dkt. No. 10).[2] For the reasons that follow, the court will grant O'Brien's Motion for Summary Judgment.

I.

A.

---

[1] Petitioner McCrae named the "Federal Bureau of Prisons" as respondent to his petition. The proper respondent to a petition filed pursuant to 28 U.S.C. § 2241, however, is petitioner's immediate custodian. See 28 U.S.C. § 2241; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, as Terry O'Brien, Warden at United States Penitentiary Lee, is McCrae's immediate custodian, the court will substitute him as proper respondent in this action.

[2] O'Brien's motion is entitled a "Motion to Dismiss or in the Alternative Motion for Summary Judgment." As both parties submitted a number of exhibits for the court to consider, the court will construe the motion as one for summary judgment. The parties received reasonable and explicit notice of this possibility when the Clerk of Court issued a Roseboro Notice on March 24, 2009, advising that "if documents or affidavits outside the pleadings are submitted by either party, any remaining motion(s) to dismiss under Rule 12(b)(6) of the Federal Rules of Federal Civil Procedure may be considered as motion(s) for summary judgment under Rule 56 of the Federal Rules of Federal Civil Procedure." (Dkt. No. 12).

McCrae specifically references five separate incidents giving rise to his § 2241 Petition. A brief description of the undisputed facts of each of those events is as follows:

### 1. Incident Report No. 1553035 (Engaging in a Sexual Act)

On January 8, 2007, M. Carver, a female Employee Services Specialist at USP Lee, prepared an Incident Report Form charging McCrae with a violation of Prohibited Act Code 205, Engaging in a Sexual Act. The incident report stated as follows:

> On 1/08/07 at approximately 8:20 AM I was conducting the unit AM Census. As I was walking around the upper tier of B unit, the cell door of cell 217 was slightly open. As I looked into the cell, inmate McCrae, Travis #99978-071 was standing at the door. Inmate McCrae had his erect penis in his right hand and was moving his right hand in an up and down motion along his erect penis.

(Resp't Mot. for Summ. J. at Ex. 1, Attach. A).

Prison officials provided McCrae with a copy of the incident report on January 8, 2007, and a Unit Discipline Committee ("UDC") conducted a hearing on January 10, 2007. Based on the nature of the charge and the UDC's finding that "[g]reater sanctions [were] warranted than [were] available at UDC level," the UDC referred the matter to a Discipline Hearing Officer ("DHO") for further adjudication. (Resp't Mot. for Summ. J. at Ex. 1, Attach. A).

On January 12, 2007, Dale Rupert, DHO at USP Lee, held a hearing on the charge. At that hearing, the DHO examined a written statement by Carver detailing the facts of the incident, and he gave McCrae an opportunity to make his own statement in response. McCrae did so, simply denying the charge without elaboration or explanation. The DHO then evaluated McCrae's credibility by reviewing his disciplinary history, and the DHO concluded that McCrae's history of committing similar sexual misconduct diminished his credibility and made his denial less believable. Accordingly, based on the greater weight of the evidence, the DHO determined that McCrae committed the act charged, and he sanctioned McCrae 27 days good

conduct time, 45 days disciplinary segregation, 40 days loss of telephone privileges, and 40 days non-vested good conduct time. (Resp't Mot. for Summ. J. at Ex. 1, Attach. D).

### 2. Incident Report No. 1561828 (Refusing to Obey an Order of Staff Member)

On January 31, 2007, D. Lane, a Senior Officer at USP Lee, prepared an Incident Report Form charging McCrae with a violation of Prohibited Act Code 307, Refusing to Obey an Order of Any Staff Member. The incident report stated as follows:

> On today's date at 10:45 am I C/O Lane found Inmate McCrae #99978-071 cell window covered with an orange SHU issue towel. I C/O Lane gave I/M McCrae a direct order to remove the towel covering his window. Inmate McCrae refused stating "I want to talk to the Lieutenant. I am not refusing my food trays." Inmate McCrae was then [given] another direct order to remove the covering on the window, to which Inmate McCrae once again refused, stating "I am not refusing my food trays but I want to talk to the Lieutenant."

(Resp't Mot. for Summ. J. at Ex. 1, Attach. E).

Prison officials provided McCrae with a copy of the incident report on January 31, 2007, and a UDC conducted a hearing on February 1, 2007. Based on the nature of the charge and the UDC's finding that "greater sanctions [were] warranted," the UDC referred the matter to the DHO for further adjudication. (Resp't Mot. for Summ. J. at Ex. 1, Attach. E).

On February 9, 2007, the DHO held a hearing. At that time, the DHO examined a written statement by Lane detailing the facts of the incident, and he gave McCrae an opportunity to make his own statement in response. McCrae simply stated "I accept the charges." (Resp't Mot. for Summ. J. at Ex. 1, Attach. G). The DHO then considered McCrae's explanation for his behavior and found that the explanation did not justify or excuse the conduct. Accordingly, the DHO sanctioned McCrae 14 days good conduct time, 14 days non-vested good conduct time, and 30 days loss of telephone privileges.

3

### 3. Incident Report No. 1598172 (Engaging in a Sexual Act)

On May 11, 2007, J. Pitt, a teacher at USP Lee, prepared an Incident Report Form charging McCrae with a violation of Prohibited Act Code 205, Engaging in a Sexual Act. The incident report stated as follows:

> On Friday, May 11, 2007, inmate McCrae, Travis, 99978-071, was sitting in the library of the Education Department at a table which enabled him to watch me as I was working in my office. After 10 minutes, I determined that inmate McCrae was staring at me. As I began to observe him more closely, I saw that he was pretending to write on a piece of paper with his right hand and his left hand was moving in an up and down motion in his pocket of his pants. The inmate was then escorted out of the Education Department. Before inmate McCrae was escorted out of the Education Department, I asked him to pull out his pockets; a hole had been cut in the left pocket allowing him to access to his groin area.

(Resp't Mot. for Summ. J. at Ex. 1, Attach. I).

Prison officials delivered a copy of the incident report to McCrae on May 14, 2007. A UDC hearing was held on May 16, 2007, and the matter was referred to the DHO for further adjudication. At the UDC hearing, McCrae denied the charges and stated "I didn't do anything. I was in the library writing." (Resp't Mot. for Summ. J. at Ex. 1, Attach. I).

On June 8, 2007, the DHO held a hearing. When questioned whether the charged conduct was true, McCrae admitted, "I was upset with Chamblee on some white Celles (sic). I was writing a discrimination. I do what I do. I put the hole in my pocket. I have written up staff in Education." (Resp't Mot. for Summ. J. at Ex. 1, Attach. J). The DHO then reviewed the incident report, McCrae's prior denials, and McCrae's admission at the hearing. The DHO noted that McCrae had admitted his guilt as to multiple prior sexual misconduct charges despite the fact that he had denied them in earlier investigations and hearings. The DHO found this diminished McCrae's credibility, and considering all of the evidence, he found that the greater weight of the evidence supported a finding that McCrae had committed the act charged. The

4

DHO sanctioned McCrae 45 days disciplinary segregation, 27 days good conduct time, 90 days of visiting privileges, and 41 days non-vested good conduct time.

### 4. Incident Report No. 1598173 (Destroying Government Property)

On May 11, 2007, W. Crum, a Senior Officer at USP Lee, prepared an Incident Report Form charging McCrae with a violation of Prohibited Act Code 329, Destroying Government Property Valued at Less than $100.00. The incident report indicated as follows:

> On Friday May 11, [2007] at 5:20 pm I was performing a visual search on inmate McCrae #99978-071 in the Special Housing Unit. The Khaki pants the inmate was wearing had holes torn in the pockets. These pants did have this inmates name and number on the back pocket confirming they were his issued pants.

(Resp't Mot. for Summ. J. at Ex. 1, Attach. M).

Prison officials delivered a copy of the incident report to McCrae on May 15, 2007. A UDC hearing was held on May 16, 2007, and the matter was referred to the DHO for further adjudication. At the UDC hearing, McCrae denied the charge and claimed that prison officers had tore his pants.

The DHO conducted a hearing on June 8, 2007. At that time, the DHO examined a written statement by Crum detailing the facts of the incident, and he gave McCrae an opportunity to make his own statement in response. McCrae admitted "I put the holes in my pockets." (Resp't Mot. for Summ. J. at Ex. 1, Attach. P). The DHO then considered McCrae's prior denial to the UDC, and considering all of the facts, he found by the greater weight of the evidence that McCrae committed the prohibited act. The DHO sanctioned McCrae 14 days good conduct time.

### 5. Incident Report No. 1599185 (Indecent Exposure)

On May 15, 2007, L. Bishop, a Senior Officer Specialist at USP Lee, prepared an Incident Report Form charging McCrae with a violation of Prohibited Act Code 300, Indecent Exposure. The incident report indicated as follows:

5

> On 5/15/07 at approximately 12:20 pm while feeding food trays on C-range, I approached cell 155. Inmate McCrae #99978-071 was standing at his door. I dropped the tray slot to feed inmate McCrae and placed his cold tray on the tray slot. I then grabbed his hot food tray from the food cart and went to place it on the tray slot. Inmate McCrae had his penis sticking out the front of his jumper with the head of his penis on the tray slot in the right hand corner of the slot and looking at me through his cell window. I immediately shut his food slot and told him that someone else or the [Lieutenant] would be down to feed him. No further incident occurred.

(Resp't Mot. for Summ. J. at Ex. 1, Attach. Q).

Prison officials delivered a copy of the incident report to McCrae on May 15, 2007. A UDC hearing was held on May 16, 2007, and the matter was referred to the DHO for further proceedings. At the UDC hearing, McCrae denied committing the conduct charged. (Resp't Mot. for Summ. J. at Ex. 1, Attach. Q).

On June 8, 2007, the DHO held a hearing. At that time, McCrae again denied the conduct charged, and he claimed that "[t]he whole story [was] fraudulent." (Resp't Mot. for Summ. J. at Ex. 1, Attach. T). The DHO then reviewed a written statement of Bishop, and he noted that McCrae's credibility was diminished due to his prior dishonesty to prison officials. The DHO explained that he gave greater weight to the reporting officer's observation than McCrae's denial, and considering the evidence before him, the DHO found that the greater weight of the evidence supported a finding that McCrae committed the act in the incident report. The DHO sanctioned McCrae 15 days disciplinary segregation, 14 days good conduct time, 90 days loss of telephone privileges, 90 days loss of commissary, and 6 days non-vested good time.

**B.**

In his § 2241 Petition now before the court, McCrae challenges these incidents and claims that the BOP unlawfully sanctioned him on each occasion. McCrae further claims that the disciplinary action related to Incident Report No. 1598172 (Engaging in a Sexual Act) should

6

Case 7:08-cv-00576-JCT-mfu   Document 14   Filed 07/17/09   Page 6 of 12   Pageid#: 145

be expunged because he was not served with an incident report within 24 hours of the offense and the disciplinary action related to Incident Report No.'s 1598172 and 1553035 (Engaging in a Sexual Act) should be expunged because the underlying actions did not meet the criminal definition of a sexual act. McCrae also challenges the BOP disciplinary process in general, particularly the DHO's neutrality and the weighing of the evidence.

## II.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). "When a motion for summary judgment is properly made and supported . . . [by affidavits], an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## III.

### A.

As an initial matter, the court finds that due process was satisfied in this case. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that certain due process guarantees are

7

required when an inmate is subjected to disciplinary hearings and may lose good time credits. Those due process guarantees are as follows: (1) written notice of the charged violations, (2) disclosure of the evidence against the prisoner, (3) the right to call witnesses and present documentary evidence (unless the hearing officer finds good cause not to allow confrontation), (4) a neutral and detached hearing body, and (5) a written statement by the factfinders as to evidence relied upon and the response for the disciplinary action taken. Id. at 564-71.

In the instant case, McCrae received written notice of the charges pending against him at least 24 hours in advance of each DHO hearing. Prison officials also made McCrae aware of the evidence that would be presented the DHO hearings, as McCrae received copies of the Incident Report Forms and participated in UDC hearings. McCrae either never requested any witnesses to testify on his behalf or later withdrew such requests, and he admitted to committing the underlying conduct in three of the five incidents. In the remaining two incidents, the DHO found that the charges were warranted and the record contained some evidence in support. All the hearings were conducted by a neutral and detached DHO, and the DHO documented the specific evidenced relied upon, the basis for any findings, the sanctions warranted, and the reasons for those sanctions. Prison officials also provided McCrae with a copy of each of the DHO reports for appeal. The court finds that this process satisfied the Wolff requirements.

**B.**

The court similarly finds that the DHO's decisions are supported by sufficient evidence. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (U.S. 1985), the Supreme Court held that "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." Id. at 454. "This standard is met if 'there was some evidence from which the

8

conclusions of the administrative tribunal could be deduced . . . .'" Id. A determination of whether this standard has been satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457.

Where there is conflicting evidence presented during a DHO hearing, the BOP mandates a heightened evidentiary standard. Specifically, the DHO must base his decision on the greater weight of the evidence. The greater weight of the evidence refers to the merits of the evidence, not to its quantity or to the number of witnesses testifying. See 28 C.F.R. § 541.15.

In the instant case, McCrae admitted to the prohibited conduct underlying Incident Report No.'s 1561828, 1598172, and 1598173, and there was no conflicting evidence presented in any of the cases. Accordingly, the DHO had to rely only on some facts to reach his decisions, and the court finds that the DHO satisfied this burden by relying on written statements provided by prison staff members detailing the incidents and McCrae's admissions concerning the same.

With respect to Incident Report No.'s 1553035 and 1599185, McCrae denied the conduct charged and thus the DHO was required to base his decision on the grater weight of the evidence. The court finds that the DHO satisfied this burden. Specifically, the DHO clearly explained that McCrae's disciplinary history and/or history of lying to prison officials made his denial statements less credible and that the DHO gave greater weight to the written statements provided

9

by the respective prison staff members. The court finds this explanation, and the evidence supporting it, sufficient to satisfy the BOP's heightened evidentiary standard.

### C.

In his § 2241 Petition, McCrae now claims that his due process rights were violated on account of bias. Specifically, McCrae claims that the DHO who adjudicated his cases was biased due to an alleged and illegal collective bargaining agreement between the BOP and the employees' union. The court finds this argument to be frivolous, however, as have other courts in the Western District of Virginia. See Smith v. Federal Bureau of Prisons, No. 7:07-cv-00184, 2007 WL 1225546 * n. 3 (W.D.Va. April 24, 2007) (refusing to address the merits of an argument that the DHO was biased based on an alleged illegal collective bargaining agreement and noting that it was a frivolous contention). Furthermore, McCrae offers no evidence to suggest that the DHO was predisposed to finding him guilty for any or all of the charged incidents, and to the contrary, the evidence shows that that the DHO at USP Lee met the qualifications as set by the BOP, (Resp't Mot. for Summ. J. at Ex. 1, DECLARATION OF DALE RUPERT), and he considered the appropriate factors and evidence in the decision-making process. Accordingly, this claim is denied.

### D.

McCrae further claims that his due process rights were violated because the inmate appellate review boards "refused to address" the "merits" of his appeals and/or the "defenses raised at the UDC and DHO hearing[s]." (Compl. at 11-12). The court finds this contention to be false. In each of the responses provided by the National Inmate Appeals Administrator ("Administrator"), McCrae's grounds for appealing were specifically considered, (see Pet. at Attach., Administrative Remedy No. 464562-A1 ("You contend the Incident Report should be

expunged, claiming the reporting staff member fabricated the charge in retaliation for an incident which occurred earlier the same day with another officer. You request a review of the video surveillance."); Administrative Remedy No. 464620-A2 ("You claim that the sanctions imposed were severe . . ."); Administrative Remedy No. 465653-A2 ("you dispute the charge"); Administrative Remedy No. 466368-A1 ("You claim you did not commit the prohibited act."); Administrative Remedy No. 464552-A2 ("you dispute the charge")), and the Administrator found that there was evidence to support the DHO's decisions despite any of McCrae's defenses. The Administrator also found that the required procedures were followed, that McCrae's due process rights were upheld, and that the DHO's sanctions were commensurate to the severity level of the offense and in compliance with BOP policy. Therefore, as the court finds no violation of McCrae's due process rights in this procedure, this claim is denied as well.

E.

McCrae also claims that his due process rights were violated with respect to Incident Report No. 1598172 because prison officials failed to serve him with an Incident Report within 24 hours of the offense. McCrae possessed no due process right to receive the incident report within a certain period of time after the alleged incident, however, Smith v. Bureau of Prisons, No. 7:03-cv-00662, 2004 WL 3397938 *5-6 (W.D.Va. Oct. 22, 2004), and the applicable BOP regulations state only that an inmate will "ordinarily" receive an incident report within a 24 hour period. See BOP Program Statement 5207.07, Ch. 6, p. 1. In the instant case, prison officials had good cause for delaying delivery (McCrae was on suicide watch at the time) and McCrae suffered no prejudice as a result (McCrae eventually admitted the charge). Therefore, this claim also is denied.

**F.**

Finally, McCrae claims that his due process rights were violated with respect to Incident Report No.'s 1598172 and 1553035 because McCrae's conduct did not meet the criminal definition of a sexual act. This type of claim, however, has been uniformly rejected in the Western District of Virginia, see McRea v. O'Brien, No. 7:06-cv-00742, 2007 WL 128325 *1 n. 1 (W.D.Va. January 9, 2007) ("[A] federal prisoner who engages in public clothed masturbation while looking at a prison official qualifies as 'engaging in a sexual act' within the scope of a prison regulation proscribing such activity, where the BOP defined 'sexual act' as intimate physical contact with prisoner's self or with another, absent any evidence that the BOP intended to adopt the criminal definition of 'sexual act' as controlling in prison disciplinary proceedings."); Smith v. Federal Bureau of Prisons, No. 7:07-cv-00184, 2007 WL 1225546 *2 (W.D.Va. April 24, 2007) (same); see also Sanders v. Warden FCI Edgefield, No. 3:07-cv-2915, 2008 WL 4279486 (D.S.C. Sept. 9, 2008) (the criminal statute is inapplicable), and the court finds no reason to find alternatively here. Accordingly, this claim is denied as well.

**IV.**

For the reasons stated above, the Defendant O'Brien's Motion for Summary Judgment is **GRANTED** and McCrae's Petition pursuant to 28 U.S.C. § 2241 is **DENIED**. An appropriate order shall issue this day.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Final Order to the petitioner and counsel of record for the respondent.

ENTER: This 17th day of July, 2009.

/s/ James C. Turk
Senior United States District Judge